UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY HARRISON BAXTER,<br>Petitioner,<br>v.<br>WARDEN CHRISTIAN PFEIFFER,<br>Respondent. | Case No. 21-cv-03775-HSG<br><br>**ORDER VACATING ORDER OF DISMISSAL AND JUDGMENT; REOPENING CASE; TRANSFERRING CASE TO EASTERN DISTRICT OF CALIFORNIA** |

Petitioner, a state prisoner currently incarcerated at Kern Valley State Prison in Delano, California, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254.[1]  For the reasons set forth below, the Court VACATES the July 1, 2021 Order of Dismissal and Related Judgment, REOPENS this action, and TRANSFERS this action to the Eastern District of California.

I.  **Motion to Reopen Action**

On July 1, 2021, the Court dismissed this action without prejudice for failure to either pay the filing fee or submit an *in forma pauperis* application, and entered judgment in favor of Respondent.  Dkt. Nos. 7, 8.  On July 14, 2021, Petitioner filed a letter with the Court stating that his address of record was incorrect, and that he never received notice of the Clerk's May 19, 2021 notice of failure to complete an *in forma pauperis* application or pay the filing fee.  Dkt. No. 9.

---

[1] The Clerk of the Court is directed to substitute Warden Christian Pfeiffer in place of the previously named respondent because Warden Pfeiffer is Petitioner's current custodian.  *See Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir.), *as amended* (May 8, 1996) (rules governing relief under 28 U.S.C. § 2254 require person in custody pursuant to judgment of state court to name state officer having custody of him as respondent); *Stanley v. Cal. Sup. Ct.*, 21 F.3d 359, 360 (9th Cir. 1994) (respondent in habeas petition typically is warden of facility in which petitioner is incarcerated).

Petitioner attached a complete *in forma pauperis* application to this letter. *See* Dkt. No. 9. The Court construes this letter as both a request to reopen the case and an application to proceed *in forma pauperis*. Good cause being shown, the Court GRANTS the request to reopen the case. The Clerk is directed to VACATE the July 1, 2021 Order of Dismissal and related judgment, and REOPEN this action.

## II. Transferring Action to Eastern District of California.

Petitioner is currently incarcerated at Kern Valley State Prison in Delano, California, and is challenging his conviction from Shasta County Superior Court. Dkt. No. 1 at 2. Delano is located in Kern County, which lies within the venue of the Eastern District of California. Shasta County also lies within the venue of the Eastern District of California. 28 U.S.C. § 84(b)-(d).

Venue for a habeas action is proper in either the district of confinement or the district of conviction. 28 U.S.C. § 2241(d). Federal courts in California traditionally have chosen to hear petitions challenging a conviction or sentence in the district of conviction. *See Dannenberg v. Ingle*, 831 F. Supp. 767, 767 (N.D. Cal. 1993); *Laue v. Nelson*, 279 F.Supp. 265, 266 (N.D. Cal. 1968). Here, Petitioner's conviction was obtained in, and he is incarcerated in, Kern County. Because Kern County lies within the venue of the Eastern District of California, venue therefore properly lies in that district and not in this one. *See* 28 U.S.C. § 1391(b). Accordingly, this case is TRANSFERRED to the United States District Court for the Eastern District of California. *See* 28 U.S.C. § 1406(a).

In light of this transfer, the pending motion to proceed *in forma pauperis* is deferred to the Eastern District.

The Clerk shall transfer the file herewith.

**IT IS SO ORDERED.**

Dated: 7/20/2021

HAYWOOD S. GILLIAM, JR.
United States District Judge

2